United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30378
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DARRYL W. TAYLOR,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-261-B-M2
USDC No. 98-CR-24-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

     Darryl W. Taylor, federal prisoner # 02975-095, seeks leave

to proceed in forma pauperis ("IFP") to appeal the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his

sentence based on retroactive Amendment 591 to the sentencing

guidelines.  Taylor also moves for a certificate of appealability

("COA") arising out of the district court's denial of his FED. R.

CRIM. P. 59(e) motion as a successive 28 U.S.C. § 2255 motion.

Because Taylor devotes his argument to the denial of his

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3582(c)(2) motion and does not challenge the denial of his postjudgment motion, COA is DENIED as unnecessary.

By filing the IFP motion, Taylor is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).  However, Taylor has not demonstrated any nonfrivolous ground for appeal.

In 1998, Taylor pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), and he was sentenced based on the PSR's determination that the offense involved 336.8 grams of cocaine base.  Taylor argues that Amendment 591 dictates that he must be resentenced because no quantity of drugs was specified in the indictment.  He is mistaken.  Amendment 591 applies to the determination of the appropriate Chapter Two offense guideline section, and Taylor was properly sentenced under U.S.S.G. § 2D1.1, the appropriate offense guideline section for convictions under 21 U.S.C. § 841(a)(1).  Amendment 591 is irrelevant to the determination of base (or specific) offense levels within the applicable offense guideline section or to any consideration of relevant conduct.  Taylor's motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  We caution Taylor that further frivolous filings will subject him to sanctions.

COA DENIED AS UNNECESSARY; IFP DENIED; APPEAL DISMISSED;

SANCTION WARNING ISSUED.